**MARINE BANK & TRUST COMPANY v. SACKHEIM**
Case No. 74-6046-16
Sixth Judicial Circuit, Pinellas County
December 19, 1980

James W. Hagan, Fowler, White, Gillen, et al., for plaintiff.

John P. Frazer, Frazer and Hubbard, for defendants.

CHARLES M. PHILLIPS, JR., Circuit Judge.

———

This Opinion shall not be construed either to require that title searches include similar names that vary by middle initial from the name being searched, or that names which vary only by middle initial may always be excluded from title searches. In reaching this conclusion reliance is placed upon the language of the Opinion of the Second District Court of Appeal in the instant case, "the decision must ultimately be made by considering the facts and circumstances involved".

A distinction is made between variations in names and initials on the one hand, and different names and initials on the other hand. A variation of a middle initial would be inclusion of a middle name, the first letter of which was the same as the recorded initial. Thus, a variation of Edward R. Hamm would be Edward Ralph Hamm, but Edward P. Hamm is a different name than Edward R. Hamm. The search of the name Edward P. Hamm for instruments affecting title in the name of Edward R. Hamm should proceed beyond the index, if at all, only to the extent of documents available in the public records, and to the extent that such documents could reasonably lead to the conclusion that a scrivener's error had occurred in the recording of the middle initial, or to the extent that there is no indication either way in the available records. Seldom would records clearly indicate that Edward P. Hamm and Edward R. Hamm are *not* one and the same person. Counsel has observed that it would not have been difficult for the title examiner to view the Judgment recorded against Edward P. Hamm, and this is quite true. However, had the title examiner done so, he would have been no better informed than if he had not taken the trouble. The copy of the Hillsborough County Judgment recorded in Pinellas County does not indicate that Edward P. Hamm had ever been known as Edward R. Hamm, nor does it give any address for Edward P. Hamm that could be related to the Pinellas County address of Edward R. Hamm. The Hillsborough Judgment shows simply that copies were sent to three attorneys. Fortunately, the law has now changed, so that it is now required that copies of such Judgments be sent to the judgment debtor, and that the address to which he is sent his copy of the Judgment be noted thereon. Had such been the law or practice in December of 1973, the result in the instant case might have been different. We should also bear in mind that the title examiner had reason to know that the real estate transaction was one in which Edward R. Hamm and wife were selling their residence in Pinellas

County. A title examiner examining the records of Pinellas County is not required to travel to other counties to examine Court records, unless there is at least some scintilla of information that such examination would contribute to the search.

The language of the Appellate Court is again cited for the proposition that "the proper recording is obviously required to give the full benefits of recorded or constructive notice".

Counsel for the judgment creditor has opined that Edward R. Hamm could have easily been confronted with his judgment identity as Edward P. Hamm at the closing. Again, this step would certainly not have been difficult, but there is no evidence that would put the closing agent on notice that this step would be appropriate, so that the title company cannot be charged with failing to take a step to solve a problem, the existence of which was not known. Although the affidavit executed by Edward R. Hamm at closing did not specifically mention recorded Judgments; nevertheless, the meaning of the language therein was sufficiently broad for us to conclude that Edward R. Hamm knowingly and willfully concealed the existence of the Judgment.

Accordingly, the Judgment lien in question in favor of Marine Bank and Trust Company is not imposed upon the real property that is the subject of this litigation. Since neither the purchaser nor the title company had any kind of notice whatsoever of its existence, and neither the purchaser nor the title company, operating in a reasonably prudent manner, failed in any function, or obligation, that would have resulted in revelation of the existence of the Judgment.

Judgment in favor of the Defendants will be entered when presented.